OPINION
{¶ 1} Defendant-appellant Shirley Milhoan appeals from her sentence in the Belmont County Common Pleas Court for violating R.C. 2925.03(A)(1), drug trafficking, a fifth-degree felony. The issue in this appeal is whether the trial court gave sufficient reasons to support its imposition of consecutive sentences. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS {¶ 2} On November 11, 2004, a Belmont County grand jury returned a four count indictment on Milhoan. The first two counts alleged that Milhoan was drug trafficking, specifically marijuana, a violation of R.C. 2925.03(A)(1). Each contained a forfeiture specification pursuant to R.C. 2925.42 for her real and personal property located at 268 South Chestnut Street, Barnesville, Ohio. Counts three and four of the indictment alleged that Milhoan was corrupting another with drugs, specifically juveniles, in violation of R.C. 2925.02(A)(4)(b).
 {¶ 3} Following the indictment, a warrant was issued for Milhoan's arrest. On November 15, 2004, Milhoan was arrested. On November 18, 2004, Milhoan was released on a recognizance bond. A condition of that bond was that Milhoan was to be on "good behavior."
 {¶ 4} On February 18, 2005, Milhoan entered into a plea agreement. Milhoan pled guilty to counts one and two of the indictment. The forfeiture specifications and counts three and four were dismissed. The trial court accepted the plea.
 {¶ 5} On April 6, 2005, Milhoan was indicted on different drug trafficking charges. A warrant was issued for her arrest on April 7, 2005. Her bond was subsequently revoked. (While the April 6, 2005 indictment is not specifically dealt with in this appeal, the effect that it had on revoking her bond and its consideration when imposing sentence are addressed.)
 {¶ 6} Sentencing for the February 18, 2005 plea occurred on May 13, 2005. The trial court sentenced Milhoan to a ten month term on each count of drug trafficking. The trial court then ordered the sentences to be served consecutively.
 {¶ 7} Milhoan appeals from this decision raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT COMMITTED ERROR IN SENTENCING THE APPELLANT TO CONSECUTIVE TERMS IN PRISON BECAUSE THE TRIAL COURT FAILED TO GIVE SUFFICIENT REASONS IN SUPPORT OF ITS FINDINGS FOR IMPOSING CONSECUTIVE SENTENCES."
 {¶ 9} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three factors provided in R.C. 2929.14(E)(4) (a-c) to be applicable to the case.
 {¶ 10} In addition to making the above listed findings, R.C.2929.19(B)(2)(c) further requires the trial court to give its reasons for imposing consecutive sentences. See State v. Comer,99 Ohio St.3d 463, paragraph one of the syllabus, 2003-Ohio-4165.
 {¶ 11} Milhoan does not dispute that the trial court made the necessary findings required by R.C. 2929.14(E). Rather, she argues that the trial court did not comply with the mandates of R.C. 2929.19(B)(2)(c) because it failed to state its reasons for imposing consecutive sentences. While Milhoan acknowledges that the court considered her past criminal background, the fact that she showed no remorse, and that she did not comprehend the potential harm to the Village of Barnesville, she maintains that these reasons are not sufficient to support the imposition of consecutive sentences.
 {¶ 12} This court finds her argument unpersuasive. The transcript of the hearing shows that the trial court did consider her past criminal background, her lack of remorse, the fact that she did not think that the use or sale of marijuana was a "big thing," and statements made during her PSI. As if these reasons were not sufficient for the imposition of consecutive sentences, the transcript also shows that the trial court considered additional factors. It stated:
 {¶ 13} "In accord with 2929.14(E)(3), the court finds that consecutive service is necessary to protect the public from future crime and to punish the offender, and consecutive sentences are not disproportionate to the seriousness of her conduct and the danger that this offender poses to the public: that she has committed the same offense on two separate occasions, and that the offender has little or no comprehension of the serious emotional and psychological harm she has caused to the children of the community of Barnesville, and that her past activities, plus her recent bind-over, her recent bond revocation, tend to demonstrate an escalating pattern of reckless behavior and that no remorse was shown in regard to the lives of these children. And the potential harm to the community of Barnesville is so unusual that a single term does not adequately reflect the seriousness of the conduct, and this offender's history of criminal conduct. Therefore, consecutive sentences are necessary to protect the public." (Tr. 6-7).
 {¶ 14} Clearly, this passage provides reasons to support each individual finding that is required to be made before consecutive sentences may be imposed. The fact that her bond was revoked, her pattern of behavior (being indicted on additional trafficking in marijuana charges), and her inability to comprehend the harm she caused the public, all support the findings made by the court for imposition of consecutive sentences. The trial court's findings and reasons supporting those findings are more than adequate to impose consecutive sentences. The trial court's imposition of consecutive sentences was not contrary to law. Milhoan's assignment of error lacks merit.
 {¶ 15} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.